UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WALTER GAUGUSH,<br><br>Petitioner,<br><br>v.<br><br>THE SECRETARY OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Respondent. | No. 2:16-cv-2130-WBS-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the application for leave to proceed in forma paupers is granted.

Under Rule 4 of the Rules Governing Section 2254 Cases, the court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. The court must summarily dismiss a petition if it "plainly appears . . . that the petitioner is not entitled to relief . . . ." The court has conducted the review required under Rule 4 and concludes that summary dismissal of the petition is required.

/////

Petitioner challenges the residency restriction imposed as a condition of his parole on or around June 30, 2016.[1] ECF No. 1 at 24.[2] But that challenge is not cognizable under section 2254. A prisoner's claim which, if successful, would not necessarily lead to immediate or speedier release falls outside the "core of habeas corpus" and must be pursued in an action brought pursuant to 42 U.S.C. § 1983. *Nettles v. Grounds*, No. 12-16935, 2016 U.S. App. LEXIS 13573 (9th Cir. July 26, 2016). Because petitioner's challenge to the residency restriction imposed as a condition of his parole "will neither affect the 'fact or duration' of his parole nor 'necessarily imply' the invalidity of his state-court conviction or sentence," habeas relief is not proper. *See Thornton v. Brown*, 757 F.3d 834, 841 (9th Cir. Cal. 2014).

Even if habeas relief were proper, dismissal would be appropriate on the ground that petitioner's claims are not exhausted.[3] A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a

---

[1] This challenge may be moot given that petitioner is no longer on parole, but is confined to state prison. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (28 U.S.C. § 2254(a) requires "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed.").

[2] For ease of reference, all references to page numbers in the petition are to those assigned via the court's electronic filing system.

[3] The court may raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that ground. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

2

petition for review). Unless the respondent specifically consents to the court entertaining unexhausted claims, a petition containing such claims must be dismissed. *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275.

Here, the petition identifies a petition filed in the state superior court as petitioner's only post-conviction motion or petition for habeas corpus in state court. ECF No. 1 at 6. According to petitioner, "efforts to appeal [the] denial [of that] petition for writ of habeas corpus would be futile." *Id.* at 5, 9. Petitioner also explains that he never appealed his convictions. *Id.* at 7, 9, 10. Having reviewed the instant petition and its attachments, it is apparent that petitioner failed to exhaust state court remedies because his claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner.

For these reasons, the petition for a writ of habeas corpus must be summarily dismissed.

In accordance with the above, IT IS HEREBY ORDERED that petitioner's application for leave to proceed in forma pauperis (ECF No. 2) is granted.

Further, IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas corpus be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing

/////

/////

Section 2254 Cases in the United States District Courts (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: April 20, 2017.

                                           EDMUND F. BRENNAN
                                           UNITED STATES MAGISTRATE JUDGE